UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEDRIC JACKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE, *et al.*,<br><br>                Defendants. | Case No. C25-308-KKE<br><br>ORDER TO SHOW CAUSE |

      Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff reports receiving $12,000.00 in the last twelve months from business, profession, or other self-employment, and monthly take-home pay of $250.00 from employment, indicating Plaintiff has a monthly income of approximately $1,250.00. (*Id.* at 1.) Plaintiff states he has $6.13 in cash on hand, a negative balance in his checking account, and no savings. (*Id.* at 2.) Plaintiff reports no valuable property and no dependents. (*Id.*) Plaintiff describes monthly expenses of $1,650.00 for rent, $725.00 for storage, $250.00 for transportation, $1,500.00 for loan payments, $600.00 for food and toiletries, and unspecified medical expenses. (*Id.* at 3.)

ORDER TO SHOW CAUSE - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's IFP application contains apparent contradictions and omits information necessary for the Court to determine whether he is able to afford court fees. Plaintiff's reported monthly expenses total $4,725.00. (*See* dkt. # 1 at 3.) Yet Plaintiff reports only $1,250.00 in monthly income. (*See id.* at 1.) Absent further information explaining the discrepancy, Plaintiff should not be authorized to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **March 10, 2025**, why the Court should not recommend his IFP application be denied. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **March 10, 2025**, and to send copies of this order to Plaintiff and to the Honorable Kymberly K. Evanson.

Dated this 25th day of February, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 2